In the Matter of James E. BASEY and Cheryl S. Basey, Debtors.

CITRUS PARK BANK, Plaintiff,

v.

James E. BASEY, Defendant.

Bankruptcy No. 80–136 C.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Nov. 21, 1980.

**614**

Jary C. Nixon, Tampa, Fla., for Citrus Park Bank.

Albert I. Gordon, Tampa, Fla., for James E. Basey.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a Motion for Judgment on the Pleadings filed by James E. Basey, one of the Debtors involved in the above–captioned business reorganization case.

The proceeding instituted by Citrus Park Bank (the Bank) seeks to establish a lien on an automobile owned by the Debtor in the total amount of $2,310.46. This amount is a combination of the original amount secured by a lien on which there is a $840.25 balance and the sum of $1,476.21 which amount was not noted on the title certificate. It is the Bank's contention that by virtue of certain language in the original promissory note, all obligations owed by the Bankrupt is secured by a lien originally granted in conjunction with the first loan on the subject automobile.

The facts controlling this controversy as revealed by the pleadings, can be briefly summarized as follows:

On May 9, 1978, the Defendant executed and delivered to the Bank a Security Agreement granting a lien in favor of the Bank on a 1970 Chevrolet Corvette, ID # 194670S407063. On May 31, 1978, the Department of Motor Vehicles of the State of Florida issued a Motor Vehicle Certificate of Title on which the Bank was noted as the holder of the first lien securing a debt in the amount of $3,390. The certificate was issued on May 9, 1978.

On March 27, 1979, the Defendant borrowed $3,495.84 from the Bank and executed and delivered a promissory note evidencing this loan to the Bank. The present unpaid balance on the original note secured by the lien noted on the Certificate of Title is $840.25. The unpaid balance on the second note executed on March 27, 1979 is $1,476.21.

It is the contention of the Bank that the lien noted on the Certificate of Title covering the subject automobile secures not only the outstanding balance on the original note, but also the balance due on the second note.

This contention is based on certain language contained in the Security Agreement which recites, inter alia, that the Security Agreements granted to secure the payment of the original note of $3,390 and "... any

and all other liabilities or obligations of the Borrower to the Secured Party, direct or indirect, absolute or contingent, now existing or hereafter arising, now due or hereafter to become due..."

Article 9 of the U. C. C. as adopted in this State governs the procedure to perfect security interest in personal properties in general including automobiles.

Section 679.302(3)(b) of the Fla.Stat. (1979) deals with security interest in automobiles and provides that "the filing of a financing statement otherwise required by this chapter is not necessary or effective to perfect a security interest in property subject to: (b) the following statutes of this State: Chapters 319 [Fla.Stat.] ...."

Florida Statutes 319.27(2) (1979) which governs the matter under consideration provides as follows:

"(2) No liens for purchase money or as security for a debt in the form of retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument, upon a motor vehicle, as now or may hereafter be defined in this state shall be enforceable in any of the courts of this state, against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien showing the following information:

(a) Date and amount of lien;

(b) Kind of lien;

(c) Name and address of registered owner;

(d) Description of motor vehicle, showing make, type, and serial number; and

(e) Name and address of lien holder; has been filed in the department and such lien has been noted upon the certificate of title covering such motor vehicle, and shall be effective as constructive notice when filed."

There is no doubt that the Bank fully complied with the perfection requirement of the Statute with regard to the original indebtedness of the Debtor in that it filed its sworn notice of lien showing the *date* and *amount* of the lien (emphasis added);

the kind of the lien; the name and address of the registered owner; the description of the motor vehicle, make, type, and serial number and the name and address of the lienholder.

It is equally evident and without dispute that the Bank did not file a sworn notice of its lien showing the amount due on the second note dated March 27, 1979, as required by the Statute. Thus, there is no question that the Bank did not comply with the requirement of § 319.27(2) of Fla.Stat. Thus, while the language of the Security Agreement recited above may have created a security interest in the automobile, securing not only the original indebtedness, but also "any and all other liabilities or obligations of the Borrower ..." the Bank failed to perfect its lien with regard to the amount due on the second note, dated March 27, 1979.

This being the case, the Debtor, armed with the special voiding powers of a trustee by virtue of § 547 of the Bankruptcy Code and by virtue of a special provision of the UCC itself, Fla.Stat. § 679.302(3)(b) (1979), shall prevail and the Bank's lien on the subject automobile secures only the outstanding balance on the first note, to wit: the sum of $840.25.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Judgment on the Pleadings be, and the same hereby is, granted in favor of the Debtor and against the Citrus Park Bank. It is further

ORDERED, ADJUDGED AND DECREED that the Citrus Park Bank's duly perfected lien with an outstanding balance of $840.25 be, and the same hereby is, allowed as secured. It is further

ORDERED, ADJUDGED AND DECREED that the Citrus Park Bank's second lien claim that is not notated on the title certificate, having an outstanding balance of $1,476.21 be, and the same hereby is, disallowed as a secured claim without prejudice to the rights of the Bank to share in the estate to the extent of its claim as unsecured.